UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| MICHAEL MYERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV417-208 |
| SHERIFF JOHN WILCHER, *et al.*, | ) | |
| Defendants. | ) | |

# **ORDER**

Proceeding *pro se*, Michael Myers has filed a Complaint alleging various violations of his constitutional rights while he has been incarcerated at the Chatham County, Georgia Sheriff's Complex. *See* doc. 1 (Complaint). He seeks leave to pursue his claims *in forma pauperis* (IFP). Doc. 2. The information contained in his IFP motion fails to establish his indigence, however. He must, therefore, clarify his financial status or withdraw his IFP motion and pay the full filing fee.

Meyers, who lists a jail address, nevertheless claims that in the last 12 months he has received $656 per month in social security income and $2,903 per month in veteran's disability benefits. Doc. 2 at 2. He has a

savings account (he doesn't disclose the current balance)and $1,800 in deposits to his prison trust account over the past 6 months. *Id.* Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[2]

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

[2] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

Given the totality of the circumstances, it will do likewise here.[3]

Therefore, within 21 days from the date this Order is filed, Myers shall disclose to the Court the following information:

(1) Whether he currently receives $656/month in Social Security benefits;

(2) Whether he currently receives $2,903/month in veteran's disability benefits;

(3) If he currently receives any benefits, whether he anticipates that he will continue to receive those benefits for the next 12 months;

(4) The balance in the savings account referred to in his response to Question 3 of his form IFP motion;

(5) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points will better illuminate Myer's true financial condition. In that regard, he must declare the facts he pleads to be true

---

[3] Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

under penalty of perjury. If he does not use another preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve a blank IFP form with this Order for Myers' convenience. Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at * 1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED,** this 2nd day of November, 2017.

*G R Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA