# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL MEYERS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV417-208 |
| SHERIFF JOHN WILCHER, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* prisoner Michael Meyers seeks leave to pursue his 42 U.S.C. § 1983 claims *in forma pauperis* (IFP).[1] *See* Doc. 1 at 5-11 (complaint); doc. 2 (IFP motion); doc. 4 (supplement). The Court grants IFP status if a plaintiff demonstrates that he cannot, because of his poverty, afford to pay the costs of litigation and still provide for himself and any dependents. *See* 28 U.S.C. § 1915(a)(1); *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339-40 (1948); *Martinez v. Kristi Kleaners, Inc.*,

---

[1] Meyers' stream-of-consciousness allegations are difficult to follow. *See* doc. 1 at 5-11. He contends that he has been "shang-hi[ed]" and forced to undergo a medical assessment. *Id*. at 5. Unidentified individuals, perhaps corrections officers or police, also subjected him to (presumably) excessive force, including "pepper spray." *Id*. at 6. Unnamed officials have also violated his right to due process in (apparently) a state criminal proceeding. *Id*. at 7-8 (alleging, in unedited form, that "rescheduling of compentency hearing as nothing but cruel and unusual punishment of raping my constitutional rights as [illegible] slavery."). The relief he seeks is no clearer. *See id*. at 11.

364 F.3d 1305, 1307 (11th Cir. 2007). While a plaintiff need not be absolutely destitute in order to proceed IFP, the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible for him to do so without undue hardship. *Adkins*, 335 U.S. 339-40.

Although he lists a prison address, Meyers states that he receives $656 per month in Social Security and $2,903 per month in Veteran's disability benefits. Doc. 4 at 2. He further states that he has $5,484.75 in a checking account and $889.10 in a savings account. *Id*. His prison account has a balance of $306. *Id*. With that much money and income, he can easily pay the $400 filing fee.[2] Meyers' disclosed assets and income show that he is not indigent, and thus not entitled to proceed IFP. Unless he pays the full $400.00 filing fee **within 14 days**, the Court will recommend that his IFP application be denied and that his case be dismissed.

---

[2] *See Callaway v. Cumberland County Sheriff Dept*., 2015 WL 2371614 at * 1 (D.N.J. May 18, 2015) ("The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.").

**SO ORDERED**, this 2nd day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA